IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

COBRA CAPITAL, LLC, et al., etc.,  )
                                   )
               Plaintiffs,         )
                                   )
     v.                            )    No.  08 C 6884
                                   )
POMP'S SERVICES, INC., et al.,     )
                                   )
               Defendants.         )

                      MEMORANDUM ORDER

   Cobra Capital, LLC ("Cobra") and Forest Park National Bank & Trust Co. ("Forest Park") have moved to strike the affirmative defenses ("ADs") advanced by Pomp's Services, Inc. and Frank Pomprowitz (collectively "Pomps") as part of their pleading in response to the Cobra-Forest Park Complaint, and Pomps have now responded to the motion. Both filings have demonstrated why such procedural motions seldom advance the litigation ball in substantive terms--and this case is no exception.[1]

   This Court has been writing about the role of ADs in federal pleading for more than a quarter century--see, e.g., <u>Bobbitt v. Victorian House, Inc.</u>, 532 F.Supp. 734 (N.D. Ill. 1982), cited with favor on that score in <u>Heller Fin., Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989);[2] see also App. ¶5 to

---

[1] Though this does not change the result, Pomps' response oddly devotes more than half its <u>Standard of Review</u> discussion to the test applicable to plaintiffs' complaints rather than defendants' ADs.

[2] Ironically, here <u>both</u> sides seek to call <u>Bobbitt</u> to their aid.

State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). What controls (or at least should control) here is that ADs are part of the federal system of notice (rather than fact) pleading and therefore play a positive role if they fairly apprise plaintiffs of defendants' legal positions to the extent that a denial of a complaint's allegations may not.

In those terms no useful purpose would be served by striking Pomps' ADs even though it may well be true that in part they have provided a nonessential belt to supplement the suspenders represented by mere denials of the Complaint's allegations. This Court expresses no view as to the viability of Pomps' legal position, but Cobra and Forest Park can scarcely say that they are now unaware of that position--more aware than would have been the case if Pomps had limited themselves to Fed. R. Civ. P. ("Rule") 8(b)(1)(B) admissions and denials.

In sum, the motion to strike ADs (Dkt. 27) is denied. This lawsuit will go forward on the merits, with Cobra and Forest Park being well informed as to the arguments on Pomps' part that they must overcome to prevail in this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 23, 2009