IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COBRA CAPITAL, LLC, et al., etc.,  )
                                   )
              Plaintiffs,          )
                                   )
     v.                            )    No.  08 C 6884
                                   )
POMP'S SERVICES, INC., et al.,     )
                                   )
              Defendants.          )

## MEMORANDUM ORDER

On April 23 this Court rejected the Fed. R. Civ. P. ("Rule") 12(f) motion by Cobra Capital, LLC ("Cobra") and Forest Park National Bank & Trust Co. ("Forest Park") to strike affirmative defenses that had been advanced by Pomp's Services, Inc. and Frank Pomprowitz (collectively "Pomps") in response to their Complaint.  In another effort to move toward a quick kill, Cobra and Forest Park have also moved under Rule 12(b)(6) to dismiss Pomps' Counterclaim.  Pomps' just-filed Response calls for the denial of that motion as well.

Pomps' counsel, like most Illinois lawyers, has followed the common practice of dividing the Counterclaim into what they term as separate "claims," each advancing a different theory of recovery  (most Illinois-based lawyers tend to label such divisions of their pleadings as separate "counts" rather than "claims").  But that practice tends to obscure the fundamental difference between a "claim" (the operative concept in federal pleading) and a "cause of action" (the state law concept, which

indeed embodies a theory of recovery as well as factual allegations--see the thoughtful explanation of that distinction in <u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F.2d 287, 291-93 (7th Cir. 1992)).  In federal terms there is no need for a plaintiff or counterclaimant to identify a theory at all--instead a claim will survive dismissal if no theory of recovery is stated, or even if the pleader employs the <u>wrong</u> label (<u>id</u>., citing (as so many cases since then have done) <u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073, 1078 (7th Cir. 1992)).  In this instance, as is usually the case in pleadings that use the "count" terminology, Pomps' so-called "claims" splinter a single congeries of facts that they say entitles them to relief into separate bases for obtaining relief.[1]

Although Pomps' Response comprises a 22-page memorandum and 23 exhibits, the just-completed discussion enables this Court to focus on a single aspect of Pomps' claim (as that concept is properly understood).  To that end, of course, Pomps' allegations must be taken as true, with all reasonable inferences drawn in Pomps' favor.  Viewed though that lens, Response at 7-11 explains

---

[1]  Rule 10(b), which does speak of separate counts, clearly does not endorse that usage (emphasis added):

> If doing so would promote clarity, <u>each claim founded on a separate transaction or occurrence</u>--and each defense other than a denial--must be stated in a separate count or defense.

in detail why Cobra--a finance company rather than a lessor of its own goods--may perhaps be determined to have created a security interest disguised as a lease, subjecting it to the possibility that it may be found to have run afoul of the Illinois version of UCC Art. 9 (810 ILCS 5/9-101 through 5/9-110).

It should be emphasized that this Court has expressed no ultimate view (1) as to the viability of such a contention or (2) as to the effect of the lease document having been drafted by Cobra in a manner totally inconsistent with the representations that had been made to Pomps by the company that produced Cobra as a source of financing. That remains for the future. For the present it suffices to say that the Cobra-Forest Park Rule 12(b)(6) motion is denied and that this case will go forward with Pomps' Counterclaim constituting part of the jurisprudential mix.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2009

3